**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MOTTALE,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KIMBALL TIREY & ST. JOHN, LLP; ALEGRIA REAL ESTATE FUND IV, LLC; PATRICIA COYNE, ESQ.; CHRISTINE RELPH, ESQ.; AND DOES 1-100,<br><br>　　　　　　　　Defendants. | CASE NO. 13cv1160-GPC-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No.8] |

On May 15, 2013 Plaintiff Michael Mottale ("Plaintiff") filed a complaint ("Complaint") against defendants Kimball Tirey & St. John ("KTSJ"), Alegria Real Estate Fund IV, LLC ("Alegria"), Patricia Coyne ("Coyne"), and Christine Relph ("Relph") (collectively, "Defendants"). On June 4, 2013, Defendants filed a motion to dismiss, (Dkt. No. 8), pursuant to Federal Rule of Civil Procedure 12(b)(6), and a request for judicial notice, (Dkt. No. 9). The motion has been fully briefed. (Dkt. Nos. 12, 13.) Pursuant to L.Civ.R. 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set out below, the Court **GRANTS** Defendants' Motion to Dismiss without prejudice.

## I. BACKGROUND

On February 23, 2007, Plaintiff and his spouse, Erica Mottale, completed a loan ("Loan") for the property located at 304 Crestview Drive, Bonita, California, 91902 ("Property").[1] (RJN, Ex. 2.) The Loan was secured by a deed of trust ("DOT") and a promissory note. (Id.) The DOT listed Mortgage Electronic Registration System ("MERS") as the beneficiary, Bear Stearns Residential Mortgage Corporation ("Bear") as the lender, and First American Title Company ("First American") as the trustee under "this Security Instrument." (Id.)

On September 22, 2010, Recontrust Company ("Recontrust"), acting as agent of MERS, executed a notice of default and election to sell under deed of trust ("NOTS"), which showed that Plaintiff was in default on the Loan in the amount of $ 52,467.01. (RJN, Ex. 3.) The NOD informed Plaintiff that the Property "may be sold without any court action." (Id.)

On September 24, 2010, MERS executed a substitution of trustee and assignment of deed of trust ("Assignment"). (RJN, Ex. 7.) In the Assignment, MERS assigned the DOT to BAC Home Loan Serving, LP ("BAC") and substituted Recontrust as the trustee under the DOT. (Id.)

On August 3, 2011, Recontrust recorded a notice of trustee's sale ("NOTS 2") in San Diego County, which showed that Plaintiff was in default on the Loan in the amount of $854,171.22. (RJN, Ex. 2.) The NOD 2 also stated that the Property may be sold at a public auction. (Id.)

On March 14, 2013, Recontrust executed a trustee's deed upon sale, in which Recontrust sold the Property to Alegria. (Dkt. No. 9 at 34.)

On May 15, 2013, Plaintiff filed the Complaint against KTSJ, Alegria, Coyne,

---

[1] Unless otherwise noted, the factual background is taken from the Complaint and Defendant's Request for Judicial Notice, (Dkt. No. 9, "RJN," Exhibits 1-7). Defendants asks the Court to take judicial notice of exhibits 1-7. (Dkt. No. 9.) Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of these documents because they are matters of public record or, alternatively, Plaintiff has cited to them in his Complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). See also, infra, Section III.

and Relph alleging fraudulent and negligent misrepresentation, violations of the Fair Debt Collection Practices Act ("FDCPA") and the California Business & Professional Code § 17200. (Complaint.) Plaintiff also seeks to quiet title to the property. (Id.)

Plaintiff alleges his home was foreclosed by unnamed investors who brought forth an unlawful detainer action in state court. Plaintiff alleges his loans were securitized from a pool of funds provided by unknown investors who misrepresented the identities of the actual lenders. (Complaint at 4.) Plaintiff alleges the Assignment was invalid and fraudulent because the assignment documents were forged and defective. (Complaint at 4-5.) Plaintiff further alleges the Notice of Default ("NOD") was void because BAC had "no prior recorded interest" in the Property when Recontrust recorded the NOD. (Complaint at 4-5.) Plaintiff alleges the NTS 2 was also fraudulent because Reconstrust had no legal right to record a substitution of trustee. (Id.)

Defendants move to dismiss Plaintiff's Complaint on several grounds. (Dkt. No. 8.) First, Defendants argue Plaintiff failed to show he tendered the amount owed under default, and thus Plaintiff lacks standing to challenge the foreclosure. (Id. at 11-12.) Second, Defendants argue Plaintiff's securitization theory has been rejected by several courts in California. (Id. at 13.) Defendants further contend that possession of the promissory note is not a pre-requisite to commence Non-Judicial Foreclosure proceeding. (Id. at 14.) Defendants also point to a number of deficiencies in the Complaint, including failure to joint an indispensible party and defective and insufficient claims under other statutes. (Id. at 10, 11-15.)

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes

a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## III.  DISCUSSION

**A.  Judicial Notice**

Defendants seeks judicial notice of seven documents: (1) a notice of trustee's sale dated August 3, 2011, recorded in the San Diego Recorder's Office identified as document number 2011-0394501; (2) a deed of trust recorded on 13 February 28, 2007 in the San Diego County Recorder's Office as document number 2007-0136837; (3) a notice of default and election to sell under deed of trust recorded on September 22, 2010 in the San Diego County Recorder's Office as document number 2010-0502100; (4) a trustee's deed upon sale recorded on March 20, 2013 in the San Diego County Recorder's Office as document number 2013-0178924; (5) a notice of trustee's sale recorded on January 11, 2013 in the San Diego County Recorder's Office as document number 2013-0022014; (6) a complaint identified as Alegria Real Estate Fund IV, LLC v. Mottale, et al., case number 37-2013-00042284; and (7) a substitution of trustee and assignment of deed of trust dated September 24, 2010 and recorded on September 29, 2010 in the San Diego County Recorder's Office as document number 2010- 0517550. (Dkt. No. 9.)

Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ((noting that the court may take judicial notice of undisputed matters of public record), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002)). Courts have routinely taken judicial notice of records filed with the county recorder as well as pleading filed with the state court. See e.g., Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir.2006); Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n. 2 (N.D.Cal.2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n. 2 (N.D.Cal.2011); Giordano v. Wachovia Mortg., FSB, 2010 WL 5148428, at * 1 n. 2 (N.D.Cal.2011). Here, Plaintiff does not

object to Defendants' Request for Judicial Notice, and the documents are publically recorded documents or publically available state court filings. Thus, the Court finds that the accuracy of these documents cannot reasonably be questioned. Accordingly, the Court hereby takes judicial notice of Exhibits 1-7.

**B. Plaintiff's Fraudulent Misrepresentation and Negligent Misrepresentation Claims**

Plaintiff alleges Defendants intentionally and negligently failed to disclose the identities of the entities that had no "prior recorded interest" in the Property. Plaintiff further alleges that these entities subsequently foreclosed the Property and caused Plaintiff to lose the Property.

A plaintiff must prove the follow elements to establish a claim for fraudulent misrepresentation: "(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." Perlas v. GMAC Mortg., LLC, 187 Cal.App.4th 429, 434 (2010) (internal citations and quotations omitted).

The elements of a negligent misrepresentation claim are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal.App.4th 35, 50, 89 Cal.Rptr.3d 473 (2009).

"It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003) (citation

omitted). Pursuant to Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007). "[T]he plaintiffs must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." Id.; see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) ("While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient").

Here, Plaintiff fails to allege sufficient facts for the fraudulent and negligent misrepresentation claims. First, Plaintiff does not allege the necessary elements of fraudulent misrepresentation and negligent misrepresentation. Plaintiff alleges that "Defendants committed a fraud by misrepresenting and failing to disclose material facts to Plaintiff. . . . Defendants [sic] represented to Plaintiff with entities that had no prior recorded interest in the [Property]." (Complaint at 6.) Subsequently, these entities allegedly foreclosed the Property. (Id.) Plaintiff does not describe the alleged misrepresentations, state why the statements were material or false, or how Plaintiff relied on the alleged misrepresentations. The Court concludes Plaintiff's allegations are mere legal conclusions, not facts, as to the elements of fraudulent and negligent misrepresentation claims. Moreover, Plaintiff does not comply with Rule 9(b)'s specificity requirement. Plaintiff does not specify or distinguish any acts between any of the Defendants. For example, Plaintiff alleges "[D]efendants committed fraud by misrepresenting and failing to disclose material facts." The Complaint, however, fails to specifically identify which Defendants made the alleged misrepresentations and the date and time of when the alleged misrepresentations were made.

For the above stated reasons, Plaintiff's fraudulent and negligent

misrepresentation claims fail and are therefore **DISMISSED without PREJUDICE**.

**C.  Plaintiff's FDCPA Claim Against All Defendants**

Plaintiff alleges Defendants made false, deceptive, and misleading representations to Plaintiff.  Plaintiff also alleges Defendants made false statements and misrepresentations in the assignment documents.

The FDCPA applies to debt collectors (rather than creditors), who are defined in 15 U.S.C. § 1692 as those who collect or attempt to collect a debt owed to another entity.  Under the application of the FDCPA, "attorneys who regularly engage in consumer debt collection activity, even when that activity consists of litigation," are deemed as debt collectors. Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

The FDCPA prevents abusive debt collection practices, including the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).  The FDCPA prohibits debt collectors from engaging in certain inappropriate communications with consumers (e.g. contact at unusual times or places that are or should be known to be inconvenient) or from otherwise harassing or abusing consumers.  See 15 U.S.C. §§ 1692(c) and 1692(d). The FDCPA also prohibits a debt collector from using unfair practices, such as collecting fees not specified in the agreement creating the debt, when attempting to collect the debt.  See 15 U.S.C. §§ 1692(f). "Foreclosing on the property pursuant to a deed of trust, [however], is not the collection of a debt within the meaning of the FDCPA." Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002).

Plaintiff does not allege sufficient facts to state a claim for violation of the FDCPA.  First, Plaintiff does not plead any facts alleging Defendants were debt collectors under the FDCPA.  Although KTSJ is a law firm, and Relph and Coyne are attorneys at the firm, Plaintiff does not include any facts establishing KTSJ, Relph, or Coyne as "attorneys who regularly engage in consumer debt collection activity."  As to Alegria, the Complaint also does not allege that Alegria collected or attempted to collect a debt from Plaintiff.

Furthermore, Plaintiff does not allege any facts showing Defendants used "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Plaintiff's allegations attack the validity of the underlying foreclosure, claiming that the Defendants improperly assigned the DOT. These allegations fail to allege any inappropriate debt collection practices by Defendants. Accordingly, Plaintiff's failure to state any unfair or fraudulent practices by Defendants is fatal to Plaintiff's claim. As an additional matter, non judicial foreclosures are "presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption." Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 271, 129 Cal.Rptr.3d 467 (2011) (citing Moeller v. Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994)). Plaintiff's bare conclusory allegations fail to rebut this presumption.

Accordingly, Plaintiff's claim for FDCPA violation fails and is therefore **DISMISSED without PREJUDICE**.

**D. Plaintiff's claim for 17200 Violation Against All Defendants**

Plaintiff alleges Defendants' business practices were unlawful under California Business and Professions Code §17200.

California Business and Professions Code § 17200 "borrows violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." Plascencia v. Lending 1st Mortg., 583 F.Supp.2d 1090, 1098 (N.D.Cal.2008) (citing Saunders v. Superior Court, 27 Cal.App.4th 832, 838–39, 33 Cal.Rptr.2d 438 (1994)).

Here, Plaintiff does not allege sufficient facts to state a Section 17200 claim. Plaintiff's allegations rely on the fraudulent misrepresentation, negligent misrepresentation, and FDCPA allegations - all of which are insufficiently plead. Accordingly, Plaintiff's section 17200 claim fails and is therefore **DISMISSED**

**without PREJUDICE**.

**D. Plaintiff's Claim for Quiet Title**

California Code of Civil Procedure requires Plaintiff to state: (a) a legal description of the real property and its street address, (b) Title as to which a determination is sought and the basis of the title, (c) adverse claims to the title, (d) the date as to which the determination is sought, and (e) a prayer for the determination of the title of the Plaintiff against the adverse claims. Cal. Civ. Pro. Code §761.020. Furthermore, "[a] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." Miller v. Provost, 26 Cal.App.4th 1703, 1707, 33 Cal.Rptr.2d 288 (1994). "The cloud upon [one's] title persists until the debt is paid." Aguilar v. Bocci, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974). Accordingly, "[i]n order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." Ricon v. Recontrust Co., 2009 WL 2407396, at *6 (S.D.Cal. Aug.4, 2009); see Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 578, 205 Cal.Rptr. 15 (1984).

Here, Plaintiff does allege sufficient facts to state a claim to quiet title. First, Plaintiff does not allege a tender or an offer of tender the amount owed. In the absence of allegations of ability to tender indebtedness, Plaintiff cannot properly state a claim to quiet title. Second, Plaintiff has not alleged any fraudulent conduct which might serve as a basis for the cause of action. Under California law, a trustee's foreclosure sale under a deed of trust is presumed valid. Sierra-Bay Fed. Land Bank Ass'n v. Superior Court, 227 Cal.App.3d 318, 336 (1991). Other than making conclusory statements alleging the foreclosure and the sale of the Property were fraudulent and improper, Plaintiff does not allege sufficient facts to describe these fraudulent activities. As such, the Plaintiff has failed to state a claim to quiet title. Accordingly, Plaintiff's claim for quiet title is **DISMISSED without PREJUDICE**.

**E. Failure to Join Party**

Defendants contend that the Complaint must be dismissed because Erica

Mottale, Plaintiff's spouse, is a necessary party.

A question of joinder requires the court to undertake three successive inquiries pursuant to Federal Rule of Civil Procedure 19. EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.2005). First, the court must determine whether a nonparty should be joined under Rule 19(a). Id. If this question is answered in the affirmative, the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Id. If joinder is not feasible, the third step requires the court to determine whether the case can proceed without the absentee, or whether the absentee is an indispensable party such that the action must be dismissed. Id.

Here, the Deed of Trust ("DOT") reveals that Plaintiff and Erica Mottale are both listed as borrowers. (See RJN, Ex. 2.) As such, Plaintiff's interest in the property as well as the claims asserted in this action are parallel to that of Erica Mottale's. Because Plaintiff is seeking a "judicial determination of his property title," Erica Mottale's absence from this action would necessarily impair his ability to protect his interest. Furthermore, Defendants would be at risk of multiple and potentially inconsistent obligations without Erica Mottale's participation. The Court therefore concludes that Erica Mottale is a required party under Rule 19(a).

As to the second inquiry, Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction. Peabody, 400 F.3d at 779. Here, neither Plaintiff nor Defendants argue that Erica Mottale's joinder is not feasible for any of the reasons articulated in Rule 19. All of Plaintiff's claims will be dismissed with leave to amend. As such, Plaintiff will have the opportunity to join Erica Mottale as a Plaintiff in an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**. Plaintiff is granted **LEAVE TO AMEND** the Complaint thirty (30) days from the date of this order. Defendants are granted thirty days from the

date of service of Plaintiff's first amended complaint to file a responsive pleading.

The Court hereby **VACATES** the hearing date set for Friday, October 11, 2013.

**IT IS SO ORDERED**.

DATED: October 9, 2013

HON. GONZALO P. CURIEL
United States District Judge