UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOTTALE and ERICA MOTTALE,<br><br>                              Plaintiffs,<br>vs.<br><br>KIMBALL TIREY & ST. JOHN, LLP et al.,<br><br>                              Defendants. | CASE NO. 13cv1160-GPC-MMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 20] |

On November 8, 2013, Plaintiffs Michael and Erica Mottale (collectively, "Plaintiffs") filed an amended complaint ("FAC") in the above-captioned matter. (Dkt. No. 17.) On November 15, 2013, Defendants Kimball Tirey & St. John (" KTSJ"), Alegria Real Estate Fund IV, LLC ("Alegria"), Patricia Coyne ("Coyne"), and Christine Relph ("Relph") (collectively, "Defendants") filed a request for judicial notice, (Dkt. No. 20-2), and a motion to dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 20). The motion has been fully briefed. (Dkt. Nos. 22, 23.) Pursuant to L.Civ.R. 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set out below, the Court **GRANTS** Defendants' Motion to Dismiss without prejudice as to Plaintiffs' First, Second, and Fourth Causes of Action.

# I. BACKGROUND

On February 23, 2007, Plaintiffs completed a loan ("Loan") for the property located at 304 Crestview Drive, Bonita, California, 91902 ("Property").[1] (RJN, Ex. 2.) The Loan was secured by a deed of trust ("Deed of Trust") and a promissory note. (Dkt. No. 17, "FAC.")  The deed of trust listed Mortgage Electronic Registration System ("MERS") as the beneficiary, Bear Stearns Residential Mortgage Corporation as the lender, and First American Title Company as the trustee. (RJN, Ex. 2.)

On September 22, 2010, Recontrust Company, acting as agent of MERS, executed a notice of default and election to sell under deed of trust ("Notice of Default") which showed that Plaintiffs were in default on the Loan in the amount of $52,467.01. (RJN, Ex. 3.) The Notice of Default informed Plaintiffs that the Property "may be sold without any court action." (Id.)

On September 24, 2010, MERS executed a substitution of trustee and assignment of deed of trust ("Assignment"). (RJN, Ex. 7.) In the Assignment, MERS assigned the Deed of Trust to BAC Home Loan Serving, LP as the new beneficiary and substituted Recontrust Company as the new trustee. (Id.)

On August 3, 2011, Recontrust Company recorded a notice of trustee's sale in San Diego County, which showed that Plaintiffs were in default on the Loan in the amount of $854,171.22. (RJN, Ex. 1.)  The notice also stated that the Property may be sold at a public auction. (Id.) On March 14, 2013, Recontrust executed a trustee's deed upon sale, in which Recontrust sold the Property to Alegria. (RJN, Ex. 4.)

On April 2, 2013, KTSJ, on behalf of Alegria, filed an unlawful detainer action against Plaintiffs in California Superior Court. (RJN, Ex. 6.) Following the unlawful detainer action, Plaintiffs were removed from the Property. (FAC ¶ 19.)

---

[1] Unless otherwise noted, the factual background is taken from the FAC and Defendant's Request for Judicial Notice, (Dkt. No. 20-2, "RJN," Exhibits 1-7). Defendants asks the Court to take judicial notice of exhibits 1-7. (Dkt. No. 9.) Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of these documents because they are matters of public record or, alternatively, Plaintiff has cited to them in the FAC. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). See also, infra, Section III.

On May 15, 2013, Plaintiff Michael Mottale filed the initial complaint in the present action against Defendants KTSJ, Alegria, Coyne, and Relph, seeking to quiet title and alleging fraudulent and negligent misrepresentation, violations of the Fair Debt Collection Practices Act ("FDCPA") and violations of California Business & Professional Code § 17200. (Dkt. No. 1, "Compl.") On October 9, 2013, the Court dismissed Plaintiff's Complaint without prejudice. (Dkt. No. 16.) On November 8, 2013, Plaintiffs Erica Mottale and Michael Mottale filed the FAC against Defendants KTSJ, Alegria, Coyne, and Relph, as well as against Defendant Bank of America. (Dkt. No. 17, "FAC.") Plaintiffs' FAC retains the causes of action for fraudulent misrepresentation and violations of the FDCPA from the initial Complaint and again seeks to quiet title.[2] (FAC.) Plaintiffs' FAC adds one new cause of action alleging violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.[3] (FAC ¶¶ 38-42.)

Plaintiffs' FAC challenges the validity of a home foreclosure based on the allegedly fraudulent assignment of Plaintiffs' Loan. Plaintiffs allege securitization of their Loan by unknown investors who misrepresented the identities of the actual lenders. (FAC ¶¶ 10, 13.) Plaintiffs allege the assignment of Plaintiffs' Deed of Trust was invalid and fraudulent because the assignment documents were forged and defective. (FAC ¶ 14.) Plaintiffs further allege the Notice of Default was void because BAC had "no prior recorded interest" in the Property when Recontrust recorded the Notice of Default. (FAC ¶ 16.) Plaintiffs allege the Assignment was also fraudulent because Reconstrust had no legal right to record a substitution of trustee. (FAC ¶ 16.)

---

[2]The Court notes that although both parties address Plaintiffs' previous cause of action, for violation of California Business & Professions Code § 17200, in their briefing on Defendants' motion to dismiss the FAC, (Dkt. No. 20-1 at 12-14); (Dkt. No. 22 at 7); (Dkt. No. 23 at 11-13), Plaintiffs no longer assert a violation of section 17200 in the FAC. (Dkt. No. 17.) The parties' arguments related to section 17200 are therefore moot, and the Court declines to address them.

[3]Defendants do not challenge Plaintiffs' Cal. Civ. Code §§ 1788 et seq. Cause of Action. (See Dkt. No. 20-1) (addressing Plaintiffs' claims for "(1) Fraud/Deceit; (2) violation of the FDCPA . . . (3) Violation of California Business & Profession Code § 17200; (4) Negligent Misrepresentation and (5) Quiet Title").

Defendants KTSJ, Alegria, Coyne, and Relph[4] move to dismiss Plaintiffs' FAC on several grounds. (Dkt. No. 20.) Defendants argue Plaintiffs lack standing to challenge the foreclosure because Plaintiffs fail to show tender of the amount owed under the Notice of Default. (Dkt. No. 20-1 at 5-7.) In addition, Defendants argue Plaintiff's securitization theory has been rejected by several courts in California. (Id. at 7-8.) Defendants further contend that possession of the promissory note is not a prerequisite to commence Non-Judicial Foreclosure proceedings, (id. at 8-9), and that Alegria should be insulated from Plaintiffs' claims as a bona fide purchaser, (id. at 9-10). Defendants also challenge Plaintiffs' FDCPA allegations for failure to state a claim. (Id. at 10-12.)

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and

---

[4]Defendant Bank of America does not join this motion.

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

### III. DISCUSSION

**A. Judicial Notice**

Defendants seeks judicial notice of seven documents: (1) a notice of trustee's sale dated August 3, 2011, recorded in the San Diego Recorder's Office identified as document number 2011-0394501; (2) a deed of trust recorded on 13 February 28, 2007 in the San Diego County Recorder's Office as document number 2007-0136837; (3) a notice of default and election to sell under deed of trust recorded on September 22, 2010 in the San Diego County Recorder's Office as document number 2010-0502100; (4) a trustee's deed upon sale recorded on March 20, 2013 in the San Diego County Recorder's Office as document number 2013-0178924; (5) a notice of trustee's sale recorded on January 11, 2013 in the San Diego County Recorder's Office as document number 2013-0022014; (6) a California Superior Court complaint identified as Alegria

1  Real Estate Fund IV, LLC v. Mottale, et al., case number 37-2013-00042284; and (7)
2  a substitution of trustee and assignment of deed of trust dated September 24, 2010 and
3  recorded on September 29, 2010 in the San Diego County Recorder's Office as
4  document number 2010- 0517550.  (Dkt. No. 20-2.)

5  Although the court generally may not consider material outside the pleadings
6  when resolving a motion to dismiss for failure to state a claim, the court may consider
7  matters that are properly the subject of judicial notice under Federal Rule of Evidence
8  201(b).  Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689
9  (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of
10 public record), overruled on other grounds by Galbraith v. County of Santa Clara, 307
11 F.3d 1119, 1125-26 (9th Cir. 2002). Courts have routinely taken judicial notice of
12 records filed with the county recorder as well as pleadings filed with the state court.
13 See e.g., Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th
14 Cir.2006); Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n. 2 (N.D.
15 Cal.2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n. 2 (N.D. Cal.2011).  In
16 taking judicial notice of documents pursuant to Rule 201(b), the court may take notice
17 of the existence of the documents but not the truth of the matters asserted therein. See
18 In re Bare Escentuals, Inc. Securities Litigation, 745 F. Supp. 2d 1052, 1067 (N.D. Cal.
19 2010).

20  Here, Plaintiffs do not object to Defendants' Request for Judicial Notice, and the
21 documents are publically recorded documents or publically available state court filings.
22 Thus, the Court finds that the accuracy of these documents cannot reasonably be
23 questioned.  Accordingly, the Court hereby takes judicial notice of Exhibits 1-7.[5]

24

25  [5]The Court notes that although Plaintiffs' FAC references but does not include
exhibits "previously filed with the Court," (FAC ¶¶ 15-19), in violation of Local Rule
26 15.1, see Civ.L.R. 15.1 ("All amended pleadings must contain copies of all exhibits
referred to in such amended pleadings."), the Court will consider the referenced
27 exhibits because they are duplicated in Defendants' properly filed request for judicial
notice, (RJN Exs. 2, 3, 6, 7). Additionally, the Court has discretion to consider
28 documents referenced extensively in the complaint and documents that form the basis
of the plaintiff's claims. See No. 84 Employer-Teamster Joint Counsel Pension Trust

**B. Motion to Dismiss**

Defendants move to dismiss Plaintiffs' "securitization" theory as failing to set forth a cognizable legal theory. (Dkt. No. 20-1 at 7-8) ("Plaintiff's securitization argument is simply not the law in California and thus the related claims against KTS[J] are improper and baseless as a matter of law."). In response, Plaintiffs cite the recent California Court of Appeal case <u>Glaski v. Bank of America National Association, et al.</u>, 218 Cal. App. 4th 1079 (Aug. 8, 2013), to support the plausibility of Plaintiffs' unlawful securitization theory of liability. (Dkt. No. 22 at 3.) In <u>Glaski</u>, the court interpreted New York trust law to find that a borrower could have standing to challenge the assignment of the borrower's loan if the defect asserted by the borrower would void the assignment. <u>Id.</u> at 1095. The Court first notes that the weight of authority rejects <u>Glaski</u> as a minority view on the issue of a borrower's standing to challenge an assignment as a third party to that assignment. See <u>Rivac v. Ndex West LLC</u>, No. C 13-1417 PJH, 2013 WL 6662762 at *4 (N.D. Cal. Dec. 17, 2013) (collecting cases); <u>Boza v. U.S. Bank Nat. Ass'n</u>, LA CV12-06993 JAK, 2013 WL 5943160 at *10 (C.D. Cal. Oct. 28, 2013) (same); <u>In re Sandri</u>, 501 B.R. 369, 374-78 (Bankr. N.D. Cal. 2013) (same).

Additionally, even if the Court found the <u>Glaski</u> court's reasoning persuasive, the Court finds that Plaintiffs fail to plead the facts to support such a theory. For example in <u>Glaski</u>, the court considered many factual details regarding the loan at issue in that case, including facts regarding the payments owed and the borrower's attempts to obtain loan modifications. 218 Cal. App. 4th 1079, 1083-84 (2013). The court considered details regarding the creation of the alleged fraudulent trust and assignment of plaintiff's loan challenged by the plaintiff in that case, including: the factual allegations that assignment was attempted after the closing date; the specifics of alleged transfers of plaintiff's loan; and the alleged roles the defendants played in these

---

<u>Fund v. America West Holding Corp.</u>, 320 F.3d 920, 925 n.2 (9th Cir. 2003). However, in the event Plaintiffs elect to file a second amended complaint, the Court directs Plaintiffs to heed Local Rule 15.1.

actions. Id. at 1084-85. Furthermore, the court in Glaski considered facts regarding alleged misrepresentations made by defendants to plaintiff, including what the plaintiff was told, how the plaintiff interpreted the statements made, and who made the representations at issue. Id. at 1085-86. In summary, even if Glaski supports a finding that Plaintiffs' legal theory is legally cognizable, Glaski cannot relieve Plaintiffs of the burden of alleging sufficient facts to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, where Plaintiffs are alleging fraud, of pleading allegations of fraud with particularity, Fed. R. Civ. P. 9(b). The Court therefore turns to addressing each of the Causes of Action challenged for factual sufficiency in Defendants' motion to dismiss.

**1. First Cause of Action: Fraudulent Misrepresentation**

In the Court's previous Order dismissing Plaintiff Michael Mottale's initial Complaint, the Court dismissed Plaintiff's fraudulent misrepresentation claim on the ground that Plaintiff failed to meet Rule 9(b)'s particularity requirement for allegations of fraud. (Dkt. No. 16 at 6-7) (citing Fed. R. Civ. P. 9(b) ("in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")). In addition, the Court found that Plaintiff failed to differentiate Plaintiff's allegations against the multiple defendants Plaintiff sought to hold liable. (Id. at 17) (citing Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) ("[T]he plaintiffs must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.")).

The Court finds that Plaintiffs fail to remedy this defect in their cause of action for fraudulent misrepresentation in the FAC. (FAC ¶¶ 21-29.) To the extent that Plaintiffs seek to hold Defendants KTSJ, Coyne, Relph, or Alegria liable for fraud, Plaintiffs again fail to identify each individual Defendant's role in the alleged fraud or fraudulent misrepresentation. The only paragraph in Plaintiffs' fraud allegations that names KTSJ individually states that "[t]he filing of the unlawful detainer was fraudulent because KIMBALL TIREY & ST. JOHN knew or should have known based on themselves being held out as real estate experts and charged with knowing the state

of the law in In Re Veal and Herra, and it's progeny." (FAC ¶ 27.) This allegation is a legal argument and wholly fails to provide a factual basis for Plaintiffs' claim that, as required to plead a claim for fraudulent misrepresentation, "(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 434 (2010) (internal citations and quotations omitted).

Furthermore, Plaintiffs' fraud cause of action again lacks any individual allegations against Defendants Coyne, Relph, or Alegria. See Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007). Accordingly the Court DISMISSES without prejudice Plaintiffs' claim for fraudulent misrepresentation as to Defendants KTSJ, Coyne, Relph, and Alegria.

**2. Second Cause of Action: Violation of the FDCPA**

Plaintiffs have similarly failed to address the FDCPA Cause of Action defects discussed in the Court's previous Order dismissing Plaintiff Michael Mottale's initial Complaint. (Dkt. No. 16 at 8-9.) Although Plaintiffs add allegations in the FAC against Defendant Bank of America, who does not join the present motion to dismiss, Plaintiffs have again failed to allege any facts supporting a claim that any Defendants are "debt collectors" under the FDCPA or that Defendants KTSJ, Coyne, Relph, or Alegria used "false, deceptive, or misleading representation or means in connection with the collection of any debt." (Id. at 8-9) (citing FDCPA, 15 U.S.C. § 1692(e)). Accordingly, the Court again DISMISSES without prejudice Plaintiffs' cause of action for violation of the FDCPA as to Defendants KTSJ, Coyne, Relph, and Alegria.

//

### 3. Fourth Cause of Action: Quiet Title

The Court also GRANTS Defendants' motion to dismiss Plaintiffs' claim to Quiet Title to the subject Property. As the Court stated in its previous Order, Plaintiffs must allege tender or offer of tender in order to have standing to bring an action to quiet title. (Dkt. No. 16 at 10) (citing Ricon v. Recontrust Co., 2009 WL 2407396, at *6 (S.D. Cal. Aug.4, 2009); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578, 205 Cal. Rptr. 15 (1984)). Plaintiffs fail to remedy this defect in the FAC, changing the Quiet Title Cause of Action alleged in the FAC only by adding new allegations against Defendant Bank of America. (FAC ¶ 45.)

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS**:

1. Defendants' Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** as to Plaintiffs' First, Second, and Fourth Causes of Action against Defendants Kimball, Tirey & St. John, Patricia Coyne, Christine Relph, and Alegria Real Estate Fund IV. (Dkt. No. 20.)
2. Plaintiffs are granted **LEAVE TO AMEND** the FAC within thirty (30) days from the date this Order is electronically docketed.
3. The hearing date for this motion scheduled for Friday, January 17, 2014 is **VACATED**.

Plaintiffs are reminded that any amended pleading must be complete in itself without reference to prior pleadings. Civ.L.R. 15.1.

**IT IS SO ORDERED**.

DATED: January 10, 2014

HON. GONZALO P. CURIEL
United States District Judge